

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Kenneth M. Clark
County Auditor
Ward County
Monahans, Texas

Dear Sir:
    Opinion No. 0-2955
    Re: Commissioners' Court is not author-
     ized to build exhibit building cost-
     ing $2500.00 by buying materials
     and hiring own labor without adver-
     tising for bids.

   Your request for opinion has been received and
carefully considered by this department. We quote from your
request as follows:

   "Under Articles number 2368a and 2372d or
any other can commissioners' court build exhibit
building costing twenty-five hundred by buying
materials and hiring own labor without advertis-
ing for bids or by contract."

   Article 2372d, Vernon's Annotated Texas Civil Sta-
tutes, reads as follows:

   "Section 1. All counties in the State act-
ing by and through their respective Commission-
ers' Courts may provide for annual exhibits of
horticultural and agricultural products, live-
stock and mineral products, and such other
products as are of interest to the community.
In connection therewith, such counties may also
establish and maintain museums, including the
erection of the necessary buildings and other
improvements, in their own counties or in any
other county or city in the United States,
where fairs or expositions are being held.

   "Sec. 2. The Commissioners' Courts of the
respective counties or the Commissioners' Courts
of several counties may cooperate with each
other and participate with local interests in
providing for the erection of such buildings
and other improvements as may be necessary to

Honorable Kenneth M. Clark, Page 2

accomplish the purpose mentioned in Section 1, of this Act and for the assembling, erecting, and maintaining of such horticultural and agricultural, livestock and mineral exhibits, and the expenses incident thereto.

"Sec. 3. All incorporated cities, water improvement districts, and water control and improvement districts may cooperate with the Commissioners' Courts of such counties for the purposes stated in Section 1, and Section 2 of this Act and appropriate monies in providing for such exhibits, establishing and maintaining such museums, and in the erection of such buildings and improvements, and the assembling, erecting and maintaining of such horticultural, agricultural, livestock and mineral exhibits.

"Sec. 4. Nothing herein contained shall be construed as repealing or modifying any of the provisions of Chapter 163, General Laws, Regular Session, Forty-second Legislature (known as House Bill 312), (codified as Art. 2368a, V.A.T.C.S.) nor as taking the provisions of this Act out of limitations of said Chapter 163. Acts 1934, 43rd Leg., 4th C.S., p. 52, ch. 20; Acts 1936, 44th Leg., 3rd C.S., p. 2103, ch. 507, | 1." (Second brackets ours)

Article 2368a, Section 2, Vernon's Annotated Civil Statutes, reads in part as follows:

"No county acting through its commissioners court,....shall hereafter make or enter into any contract or agreement for the construction of any public building and completion of any public work requiring or authorizing any expenditure in excess of Two Thousand Dollars ($2,000.00), creating or imposing an obligation or liability of any nature or character upon such county, or any subdivision of such county,....without first submitting such proposed contract or agreement to competitive bids. ...." (Underscoring ours)

Article 1659, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

The case of Limestone County vs. Knox, 234 SW 131, held that the county's contract for purchase of road machinery involving expenditure of more than $2,000.00 without requiring competitive bids was void. We enclose herewith a copy of Opinion No. 0-1839 of this department which contains a full discussion of the Limestone County case and also discusses Articles 2368a and 1659, Vernon's Annotated Texas Civil Statutes.

In answer to your question you are respectfully advised as follows:

1. The commissioners' court is not authorized to make or enter into any contract or agreement for the construction of any public building and completion of any public work requiring or authorizing any expenditure in excess of Two Thousand ($2,000.00) Dollars, creating or imposing an obligation or liability upon the county, without first submitting such proposed contract or agreement to competitive bids.

2. Under Article 1659, supra, materials and supplies involving an expenditure of more than One Hundred, Fifty ($150.00) Dollars must be purchased by competitive bids.

3. The commissioners' court may buy such materials in accordance with Article 1659, submitting same to competitive bids, and may hire day labor to construct the building. It is our opinion that the commissioners' court would have authority to hire such labor without submitting the hiring of such labor to competitive bids.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVED DEC 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS